O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEBBIE SEMELS,                          )        CASE NO. ED CV 11-01841 RZ
                                        )
                     Plaintiff,         )
                                        )        MEMORANDUM OPINION
         vs.                            )        AND ORDER
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
                                        )
                     Defendant.         )
                                        )

        Plaintiff Debbie Semels challenges the Social Security Commissioner's denial of her application for Supplemental Security Income.  The Court assesses the arguments she brings here but, finding them wanting, affirms the Commissioner's decision.

        Plaintiff challenges the determination that she does not have a severe mental impairment, and the accompanying determination not to credit the opinion that, from a psychological standpoint, she cannot work.  The concept of "severity" in the Social Security regulations forms a gate-keeping function, *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987), and an impairment is severe if it imposes more than a minimal impact on basic work functions. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).  Here, there was no evidence that Plaintiff's diagnosis of depression impaired her ability to work; in fact, it was clear that the depression was the by-product of the physical impairment of psoriatic arthritis.  Thus, Plaintiff's application did not even assert a mental impairment [AR 129],

nor did it reveal any psychotropic medications [AR 132].  Accordingly, when the Social Security consultant evaluated her, she marked Plaintiff's mental condition as "not severe," [AR 293] and commented "NO mental alleged."  [AR 305 (capitals in original)]  Even at the hearing, when Plaintiff did say that she was depressed, Plaintiff stated that the reason she was depressed was that she was not able to do what she used to do, and she saw herself deteriorating.  [AR 43]

As with other issues, the question is whether there was substantial evidence to support the decision that the mental impairment was not severe.  *Smolen v. Chater, supra,* 80 F.3d 1273, 1289-90 (9th Cir. 1996).  In addition to the above, the Administrative Law Judge stated that he gave little weight to the determination that Plaintiff had marked limitations in certain areas, as stated in an early intake interview.  [AR 275 *et seq.*]  The Administrative Law Judge stated that the earlier opinion was not grounded on the results of any psychological tests [AR 23], and this was a valid additional basis for his conclusion.  Accordingly, too, the fact that the Administrative Law Judge did not include these mental limitations in hypothetical questions to the vocational expert was not error.

Plaintiff complains that the Administrative Law Judge erred in not discussing the opinion of medical consultant Dr. To that Plaintiff should be restricted from working with heavy and moving machinery.  However, the Administrative Law Judge found that Plaintiff could perform her past relevant work as a security guard, which "was light in exertion and semi-skilled."  [AR 27]  Working with heavy and moving machinery was not part of the job.  For this reason also, it was not error not to include any such limitation in questions to the vocational expert.

The Court finds no merit in Plaintiff's assertion that the Administrative Law Judge did not properly consider side effects of her medication.  There was no evidence that the medications were causing any significant side effects.  Reference to possible side effects, which Plaintiff has located on a web-site discussing pharmaceuticals, does not create any error.  Every drug has potential side effects, but the Administrative Law Judge

need not consider them if the claimant has not produced evidence that those side effects exist and that they have impacted a claimant's ability to function.

Plaintiff's assertion that the Administrative Law Judge did not properly determine the effect of her obesity on her other impairments, ability to work and general health is incorrect.  The Administrative Law Judge in fact discussed the impact of her obesity, stating that he had factored it into his finding as to Plaintiff's residual functional capacity.  [AR 27]

Finally, the Court finds no error in Plaintiff's assertion concerning the lay testimony.  The Administrative Law Judge discussed the testimony of the lay witnesses, but found it unconvincing in light of the conservative medical treatment and the inconsistency with the medical evidence and evidence of activity that Plaintiff admittedly performed.  [AR 27]  These were valid bases for distinguishing the evidence.  *See, e.g., Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The Court thus finds that none of Plaintiff's arguments is persuasive.  Accordingly, the decision of the Commissioner is affirmed.

DATED:  July 10, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE